HENRY HERRING V. WESTERN UNION TELEGRAPH COMPANY. ·

Decided March °19, 1910.

**1.—Telegraph Company—Death Message—Notice.**

While it is well settled that a telegraph company can not be held liable in damages for negligence in the transmission and delivery of a death message when it has no notice of the beneficial interest of the party complaining, it is also well settled that such notice may be imparted by facts aliunde the message itself. A conversation between the sender of a message and the agent of a telegraph company in substance that a certain party was dead and the sender was trying to get all of his children and friends there, with a request that the message be sent as quickly as possible, held sufficient to put the telegraph company on notice that the purpose of the message being sent was to secure the attendance of the friends and children of the deceased at the place from which the message was sent.

**2.—Same—Duty to Enquire.**

When the importance of a telegram and the relationship of the parties are not fully disclosed by the terms of the telegram it is the duty of the telegraph company to inform itself by making enquiries at the time of receiving it for transmission.

Appeal from the District Court of Taylor County. Tried below before Hon. Thos. L. Blanton.

*B. A. Cox* and *J. F. Cunningham*, for appellant.—When a jury has been empaneled to try a case and there is any evidence introduced upon any material issue in the case tending to either prove or disprove the issue it is the duty of the court to submit the issues of fact to the jury. Fitzgerald v. Hart, 23 S. W., 933; Johnson v. Drought, 22 S. W., 290; Missouri, K. & T. Ry. Co. v. Connelly, 14 Texas Civ. App., 529; Rogers v. Louisville & N. Ry. Co., 35 S. W., 109; Heatherly v. Little, 40 S. W., 445; Bowman v. Texas Brewing Co., 17 Texas Civ. App., 447.

When a written message is received by a telegraph company, and all charges for its transmission and delivery are paid at the time, and the message relates to sickness or death, there accompanies it a common sense suggestion that it is of importance and that the person or persons addressed have in it a serious interest, and if the telegraph company desires any information as to the relationship of the parties it should make inquiry of the sender, and if it does not do so it should be held responsible for its failure to obtain the information that the inquiry would have disclosed. Western U. Tel. Co. v. Adams, 75 Texas, 531; Western U. Tel. Co. v. Feegles, 75 Texas, 537; Western U. Tel. Co. v. Nagle, 11 Texas Civ. App., 539; Western U. Tel. Co. v. Edsall, 74 Texas, 329.

When a telegraph company receives for transmission and delivery a written message, and the charges are paid at the time, and it is a death message, and if from either the context of the message or from the statement of the sender at the time or from both combined the telegraph company is put upon notice that other persons than the one addressed have a serious interest in the message, and such other persons are children of deceased, then the telegraph company should be held responsible for all damages to such other persons growing

out of the negligence of the company in failing to properly transmit said message and in failing to deliver the same to the person addressed within a reasonable time. Western U. Tel. Co. v. Sloss, 45 Texas Civ. App., 153; Western U. Tel. Co. v. Adams, 75 Texas, 531; Western U. Tel. Co. v. Feegles, 75 Texas, 537; Western U. Tel. Co. v. Edsall, 74 Texas, 329; Western U. Tel. Co. v. Nagles, 11 Texas Civ. App., 539.

*J. M. Wagstaff,* for appellee.—There being no evidence in the record showing that appellee had notice that the appellant or his wife was related to C. B. Scarbrough, deceased, the court did not err in instructing the jury to return ·a verdict in favor of the appellee.

The message having been directed to a party by a different name than that of deceased, there was nothing on the face of the message to indicate that there was any relationship whatever between deceased and the party to whom the message was directed.

The message having shown on its face that the deceased died in San Antonio, and there being no notice to the appellee at Abilene that deceased was to be buried at Abilene, and it being impossible for the appellee to reach San Antonio for the funeral of deceased, the court rightfully instructed the jury to find for appellee. Davidson v. Western U. Tel. Co., 54 S. W., 830; Southwestern Tel. & Tel. Co. v. Gotcher, 93 Texas, 114; Western U. Tel. Co. v. Carter, 85 Texas, 580; Western U. Tel. Co. v. Kirkpatrick, 76 Texas, 217; Elliott v. Western U. Tel. Co., 75 Texas, 18.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by Henry Herring to recover damages for mental anguish suffered by his wife on account of the defendant Western Union Telegraph Company's negligent failure to transmit and deliver to him the following message: "9-25-08. To Henry Herring, Roswell, N. M. C. B. died last night at San Antonio. Mrs. C. B. Scarbrough." Plaintiff's wife is a daughter of the deceased and sender of the message.

After the evidence was introduced the trial court instructed a verdict for the defendant, which ruling is sought to be defended by appellee on the ground, first, that it had no notice of the beneficial interest of Mrs. Herring, and second, that it had no notice that the deceased was to be buried at Abilene rather than at San Antonio, which latter place the evidence indisputably shows plaintiff's wife could not have reached in time for her father's funeral.

It is, of course, well settled both on principle and authority that a telegraph company can not be held liable in damages for negligence where it has no notice of the beneficial interest of the party complaining. It is equally well settled, however, that this notice may be imparted not alone by the terms of the message itself, but by evidence independent thereof as well. The witness, who delivered the message in controversy to appellee's agent at Abilene, in detailing what took place between himself and the agent, says: "I asked him to get it off as quick as he could, that I was telegraphing to C. B.'s children and friends. I did not say anything else. I did not say that Mr. Herring and his wife were any relation at all, but

I insisted on him getting it off—this identical message off. As to what I said about it, I asked him to get it off as quick as he could because C. B. was dead. The purpose of sending the telegram was so as they could get word and get here. They knew he was a long ways off. As to what it was I said about telling him that I was getting all of the children here I could, I told him that C. B. was dead and that I wanted to get all of his children and friends here." This evidence, we think, was sufficient to put the defendant company on notice that the purpose of the message was to secure the attendance at Abilene of the friends and children of the deceased. This undoubtedly included appellant's wife. If appellee had desired more definite information it should have made inquiry at the time. As against an instruction to find for the defendant it is sufficient if the evidence tended to show that plaintiff's wife was seriously interested in the transmission and delivery of the message and the defendant had notice of such interest. This we think it did.

For the error of the court in instructing a verdict the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*